UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN MICHAEL CASEY,

    Plaintiff,

vs.           Case No. 2:11-cv-605-FtM-29DNF

MIKE SCOTT, COLONEL ELLEGOOD, CAPTAIN HALL, DIANE GOLDEN, LT. LAFFAYETTE,

    Defendants.
_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon review of Plaintiff's *pro se* pleading entitled "42 U.S.C. 1983 Civil Action," construed as a civil rights complaint (Doc. #1, Complaint). Plaintiff, who is currently held as a pretrial detainee in the Lee County Jail, alleges violations of his Fifth, Sixth and Fourteenth Amendment rights. See generally Complaint. In support, Plaintiff states that he was permitted to proceed *pro se* in connection with an underlying criminal action, which is pending in the Twentieth Judicial Circuit Court, Lee County, Florida. Id. at 2. Plaintiff avers that his various requests for legal research and/or materials were denied and/or restricted, which has "severely prejudiced the Plaintiff's ability to represent himself" in his underlying criminal case. Id. at 9. Plaintiff seeks changes to the Lee County Jail's policy, as well as other types of injunctive relief,

and punitive damages. <u>Id.</u> at 10. Plaintiff also seeks to have this court certify a class action in connection on his claim. <u>See</u> Motion to Certify Class (Doc. #4). Additionally, on December 6, 2011, Plaintiff filed a Motion for Preliminary Injunction (Doc. #10), in which Plaintiff requests that the Court order Defendants to transfer Plaintiff to Charlotte County Jail in order that he can have adequate access to legal material. <u>See</u> <u>generally</u> Motion for Preliminary Injunction. In particular, Plaintiff states that he is being denied access to "digital discovery" and Defendants have "denied Plaintiff access to the U.S. Mail" in connection with his underlying criminal case. <u>Id.</u> at 1-2.

## II.

The Prison Litigation Reform Act requires the Court to review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, courts must

apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it is frivolous or it fails to state a claim upon which relief may be granted. § 1915A(b)(1). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)(quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "The PLRA 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller, 541 F.3d at 1100 (citations omitted).

The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County,

-3-

268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ___, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949 (citations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. at 1937. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

### III.

Because Plaintiff is proceeding *pro se* and did not submit his claim on the civil rights complaint form approved for use by prisoners, the Court would normally direct Plaintiff to file an

-4-

amended complaint.  Directing Plaintiff to file an amended complaint in the instant matter would be futile because Plaintiff's claim is fatally flawed because it does not allege a violation of a constitutional right.  While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

Plaintiff frames his claim as a violation of his Fifth, Sixth and Fourteenth Amendment rights.  Regardless of what constitutional provision the Court analyzes Plaintiff's claim under, Plaintiff's claim fails as a matter of law.

"The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." Faretta v. California, 422 U.S. 806, 807 (1975).  A criminal defendant also has the reciprocal right to waive counsel and represent himself when he voluntarily and intelligently elects to waive the assistance of counsel.  Id. at 835.  However, when an accused relinquishes his right to counsel, he also relinquishes "many of the traditional benefits associated with the right to counsel."  Id.

Numerous courts, including the Eleventh Circuit, have held that "a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided with the option of legal counsel." Smith v. Hutchins, 426 F. App'x 785, 789 (11th Cir. 2011)(citing Edwards v. U.S., 798 F.2d 958, 961 nn. 1, 3 (11th Cir. 1986)), as well as cases from the Fourth, Fifth, Seventh and Ninth Circuits). See also Singleton v. FS #7084, Case No. 3:11-cv-70-J-12TEM, 2011 WL 617942 (M.D. Fla. February 15, 2011). The Supreme Court, in Kane v. Garcia Espitia, 546 U.S. 9, 10 (2005), held that, in the context of a habeas case, relief was not warranted because there is no established right under federal law to access a jail law library when a pretrial detainee voluntarily declines counsel and chooses to represent himself in an underlying criminal matter.

Plaintiff attaches a copy of the "Case Management Conference Order" from case number 10-CF-019945, dated January 20, 2011, which indicated that Plaintiff "declined services of public defender-Defendant to represent himself." Exhibit A.[1] Thus, Plaintiff elected to represent himself and declined counsel. Because Plaintiff has no constitutional right to access a law library or other legal resources during his pretrial detention, his claim must

---

[1] The Court also takes judicial notice that Plaintiff has at least three other criminal cases currently pending in the Twentieth Judicial Circuit in which Plaintiff also declined representation and seeks to represent himself. See case numbers 10-CF-019724, 10-CF-019726, and 10-CF-017674.

be dismissed.  Consequently, Plaintiff's pending Motion to Certify Class and for Preliminary Injunction are moot.[2]

Accordingly, it is hereby

**ORDERED**:

1.   Plaintiff's complaint is **DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).**

2.   Plaintiff's Motion to Certify Class (Doc. #4) and Plaintiff's Motion for Preliminary Injunction (Doc. #10) are **DENIED as moot.**

3.   The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate all pending deadlines; and (3) close the file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __19th__ day of December, 2011.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

---

[2] A review of the docket from Plaintiff's underlying criminal case belies Plaintiff's averment that he has been unable to mail legal documents.  In particular, in case number 10-CF-019945 Plaintiff filed a *pro se* motion on December 5, 2011, five *pro se* motions on December 6, 2011, and seven *pro se* motions on December 9, 2011.